PROVOSTY, J.
Plaintiff sues individually and in her capacity of coexecutrix of the succession of her late husband, Joseph H. Hernandez. She alleges that she employed the defendants to represent her, both individually and as executrix, in the settlement of said succession; that “her said attorneys, Messrs. Denis and Dart, recovered and received for her, and under the authorization given them by her as executrix and individually, various and sundry amounts at different times, exceeding two thousand dollars, as petitioner is informed and believes, and so charges, and for which they have failed, neglected, and refused to account”; “that through their negligence, inadvertence, misfeasance, and nonfeasance, they have failed to recover for petitioner, and under the authorization given by her as executrix and individually, various and sundry amounts and assets, to petitioner unknown”; that “petitioner shows that her attorneys, Messrs. Denis and Dart, have never rendered her a full, complete, and accurate account of their *881 management of the various affairs of the said succession, or of the funds and assets of'the succession, which they have or should have received, though petitioner has repeatedly made amicable demand upon her attorneys for such an account”; that she is still executrix, and that the succession is still open. She prays that there be judgment ordering defendants to render an account of the funds and assets of the succession, and of such sums as they have or should have received; also of the various affairs of the said succession; to inform her, as far as in their power lies, of all the facts concerning said succession; and condemning defendants, jointly and severally, to pay whatever may be found to be due upon such account rendered.
The defense is that defendants have discharged their trust faithfully and rendered account, and owe nothing.
The defendants acknowledge having received certain moneys of plaintiff’s; they have never kept the fact concealed from plaintiff, but, on the contrary, have informed her of it repeatedly, and explained how the money came into their hands; in the letter to Gurley the statement is made in .writing; if plaintiff thought the account thus rendered was not correct — that the defendants had received additional sums — it was for her to prove the fact.
The amount thus acknowledged to have been received, defendants have the right to retain in part payment of their fees. Under the terms of their contract of employment, they were to have 20 per cent, of whatever they might secure for plaintiff out of the succession, and the record shows that the amount coming to them is greater than the amount they have thus received.
We do not find in the record even an attempt made at proving the negligence charged upon defendants, except that it is so sought to be made to appear that they should not have permitted the Prytania street property to go to tax sale. This piece of property was sold at the same time as the other assets of the succession, but the title was rejected by the purchaser upon the ground that it was a tax title, and that litigation over it was actually pending in the courts. The defendants examined the title, and found that the objection was well taken, and so advised all parties in interest, including plaintiff.. Plaintiff, on the stand, admits that the defendants informed her of the property being advertised for taxes. Within a year after the tax sale, the defendants, in order to leave the door open for the recovery of the property, if desired, made a tender to the tax purchaser; and, as we understand the situation, the plaintiff may get back the property, if she chooses to do so.' We do not see that the defendants were in any respect derelict in this matter.
In so far as concerns the allegation that defendants have not rendered to the plaintiff “a full, complete, and accurate account of their management of the various affairs of the succession,” the record shows that they were in constant communication with her, having frequent interviews with her, and writing to her continually, keeping her closely informed of everything that took place; and it shows that numerous accounts were filed in court, both by the coexecutor and by defendants, for plaintiff; that these accounts were as sharply fought over as ever succession account was, and by litigants fully informed of what property there was to the succession, and adverse to each other in interest and in feeling. What more accounting of the management of the affairs of the succession than this, plaintiff could want, we cannot imagine.
The record disproves the allegation that defendants have not rendered an account of the amounts received by them. The record shows that they have rendered such account.
The allegation that they have not rendered an account of the amounts they should haVe received is a rather vague allegation. It is founded on the fact that by the account of the succession, as recast by the judge, certain amounts appear as coming to plaintiff that plaintiff has never received. Certainly this circumstance called for explanation, but the record shows that defendants have given this explanation repeatedly and abundantly to plaintiff herself, and to the numerous lawyers and agents sent to them by her.
The explanation is that after any number of separate accounts and one joint account had been filed by the executors, between whom existed bitter animosity, the executors submitted separate accounts, purporting to be their final accounts of the succession, and *883 that the judge, in order to put an end to the apparently interminable litigation, recast the accounts, blending them into one — a Herculean undertaking — and in doing so fell, in the manipulation of the figures, into some bookkeeping mistakes, and also carried into-the account as available cash a worthless debt due by the coexecutor, and that by all this the amount to be paid under the account was made larger than the amount to pay it with; that this situation had to be corrected either by appeál or by compromise, and that the latter mode was resorted to-, with the full approbation of plaintiff, after everything had been fully explained to ber, and under her written authorization; that after this rectification of matters there was nothing coming to plaintiff, except the amounts which the defendants acknowledge to have received for her, and certain uncollectible notes, and the debt of the coexecutor, and this Prytania street property, and a certain interest of the succession in a suit then pending in the United States court. It is not pretended that these other assets are in the hands of defendants, and as to them the plaintiff is as fully informed as the defendants themselves are. All this is fully explained by the testimony of Mr. Dart in the record, and by the brief filed by defendants. To reproduce this explanation here in greater detail would serve n'o useful purpose.
The only account the defendants owed the plaintiff was of the moneys or other assets that might have come into their hands as her attorneys. They are under no obligation to recast for her benefit the voluminous and complicated account of the succession of Plernandez. Everything pertaining to -the settlement of that succession is set forth in the final account of the succession as recast by the judge, and is presumably there set forth as methodically, simply, and clearlj’- as the complicated nature of the subject-matter will allow of.
Our Brother of the district court seemed to think that because an account might be due in the matter of the succession of Hernandez, to show how the judgment of the court had been carried out, therefore defendants should prepare and submit to plaintiff the account demanded by her in this suit; but this consequence does not follow. The official relations of defendants are with their client, not with the succession. Whatever funds or other assets of the succession the1 attorneys of the representative of a succession may have in-their possession they owe-an account of to their client, but not to the court. If an account is to be rendered to the court, let the coexecutor render it, or let the plaintiff call upon the defendants to prepare and file it for her as her attorneys1 in the matter of the settlement of the succession. The defendants are under contract to represent plaintiff in the matter of the settlement of the succession, and, if plaintiff desires to file an account showing how the1 judgment of the court has been carried out, this court has every reason to believe, judging from the record, that the defendants will unhesitatingly prepare and file such account, despite the vexatious course plaintiff liaspursued towards them.
Counsel for plaintiff ask that we dismiss the appeal ex proprio motu, on the ground that a judgment ordering the filing of an. account is merely interlocutory, and not such, as can cause an irreparable injury. Conceding, argumenti gratia, that on the ground stated an appeal may be dismissed without motion, we do not find the judgment in question to be of the character described. If the defendants do not owe this account,, ■and are nevertheless compelled to prepare1 and file It, they will have suffered an injury from which no appeal on the merits can ever relieve them. The very issue in this case is whether or not an account is due. The court1 finds that no account is due, and thereby finally disposes of the case before the court on the issues as presented. The fact itself of this result shows that the judgment in question is not merely interlocutory.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be1 set aside, and that the plaintiff’s suit be dismissed, at her cost in both courts.